By the Court, Cowen, J.
The claim of the plaintiffs to the parcel of 30 acres is entirely untenable in any view, and was abandoned on the argument.
As to the other parcel, their right depends on the question whether the codicil was a republication of the will. If a republication, it must be read as dated in 1831, and as applicable to the state of things then existing; and so carrying the four fifths of this parcel purchased intermediate the date of the original will and codicil, to Philip G. Yan Wyck, the residuary devisee.
It seems to me that at this day it would be a violation of all reliable authority, to deny that a codicil duly attested to pass real estate, would, per se, whether it relate to real or personal property, operate as a republication of a devise, unless the testator declare that he does not intend the codicil should have that effect. The English cases to this point are well summed up in Jarman’s late edition of Pow. on Dev. vol. 1, p. 611, note 1, and are decisive. So far as American cases have spoken, they are, I apprehend, all the same way. (Dunlap v. Dunlap, 4 Dessauss. 321. Brownell v. Brownell, 3 Mason, 486, 494. Musser’s lessee v. Curry, 3 Wash. C. C. Rep. 482. Mooers v. White, 6 John. Ch. Rep. 375. Hickman v. Holliday, 6 Mon. 587. Hatch v. *594 Hatch, 2 Hayw. 33, 4.) In all these cases, the point is stated without hesitation by learned judges, and in several, the strongest English cases are approved. The ruling to the contrary by Lord Camden, C. in The Attorney General v. Downing, (Ambl. 571,) was expressly repudiated in Barnes v. Crowe, (1 Ves. jr. 486,) on a consideration of all the previous cases. The latter decision has been uniformly adhered to in England, and recognized by learned judges in the American cases I have referred to, either expressly or tacitly. Among the English cases, Rowley v. Eyton, (2 Meriv. 128,) is much in point. To doubt upon the question at this day, would be to violate all rules for determining the force of judicial authority.
It is not necessary, therefore, to inquire, whether this case be not within one of the admitted principles of The Attorney General v. Downing, which case was the main, not to say the sole reliance of the plaintiff’s counsel—I mean the principle of annexation. In Barnes v. Crowe, Lord Commissioner Eyre, who delivered the opinion, said, the case might be put on annexation, for the will declared an intent that it should operate on all lands the.testator should die seized of;-and although the codicil was of mere personalty, yet he said the testator had thus inseparably annexed the codicil to the will, not by a wafer or wrapper, but by internal annexation. So here, the will reserves the right to make a codicil, which is made accordingly, hot merely of personal property, but in order to revoke a particular devise, and make other alterations both in respect to real and personal estate. It is better, however, as was done in Barnes v. Crowe, to go on the more obvious and certain distinction, aside from the acknowledged danger of letting in parol evidence if we go on the idea of annexation, more especially if we take physical annexation. Vide Pigott v. Waller, (7 Ves. jr. 98, 117,) wherein all the cases are again considered, and Barnes v. Crowe followed. In Goodtitle v. Meredith, (2 Maule & Selw. 5, 13,) the judges concurred in what was said by Lord Ellenborough, *595 Ch. J., viz: “ What the effect of a codicil is, has been settled in a series of cases, beginning with Acherly v. Vernon, down to Barnes v. Crowe, and lastly, in a more recent case of Pigott v. Waller. The effect of all these decisions is, ,to give an effect to the codicil per se and independently of any intention, so as to bring down the will to the date «of the codicil, making the will speak as of that date, unless indeed a contrary intention be shown, in which case it will repel that effect.” Again: “ The codicil draws the' will down to its own date, in the very terms of the will, and makes it operate as if it had been executed in those terms.”
Thus in the case at bar, we must read this will as if it had devised all except the four fifths in question, and then had said, “I devise the residue to Philip G. Van Wyck.” That carries the four fifths to him, and protects the defendant for so much.
With regard to the remaining one fifth, the will, on the theory established, reads in this way: “ I devise one fifth to my brother and sisters—other parts of my real estate I devise to them. All the residue of my real estate, I devise to Philip G. Van Wyck. I direct the above clause, devising one fifth to my brother and sisters, to be revoked and made void to all intents and purposes.” This would certainly nullify the devise of the one fifth, as such, to the brother and sisters; but then the question arises between the heirs on one side, and the residuary devisee on the other, upon a state of things differing from that in respect to the four fifths—for there was no attempt in the will to devise the latter, except to the residuary devisee. With regard to the former, the version is, “I devise it to my brother and sisters, residue to Philip C. Van Wyck;” and then the subsequent revocation, though it avoids the specific devise as such, yet takes it out of the residuary clause. The declaration of the testator may be read, “ I declare it void to all intents and purposes, as a devise;” and since the decision of the court for the correction of errors, (Van Kleek v. The Dutch Church of New York, 20 Wendell, *596 457,) I think it must he so read. The case holds that if a man attempt to devise certain of his land, the residue to another ; though the first devise be utterly void as such, yet the mere attempt and mention of the land with that view, take it out of the residuary clause. If I am not mistaken in the principle of that case, the plaintiffs are entitled to recover the one half of one fifth of the tract of eighty acres, as described in the special verdict.
The defendant is undoubtedly correct in saying that the residuary clause, had it been of personal property, would have carried the one fifth. (Ward on, Legacies, 30, and the cases there cited.) But this seems to be put upon the fluctuating character of personal property. It is impossible to sustain it on the different meaning of the words. These have of themselves the same import in both cases. It does not, therefore, depend on the distinction, that a will of real estate speaks at the time of its date, whereas a will of personalty speaks at the time of the testator’s death: for, in this view, both would carry all property ineffectually devised or bequeathed at the time when it actually speaks. The contrary was held in Van Kleeck v. The Dutch Church, with regard to devises. I make these remarks, because it was urged at the bar, that since the 2 R. S. 2, 2d ed., § 5, .there is no longer any reason for keeping the distinction on foot. The section cited does, indeed, declare that a devise in any form, denoting an intent to pass all a man’s real estate, shall now be construed to pass all the real estate devisable by him at the time of his death. In this respect it speaks at the same time as a will of personalty ; and it was thrown out by a learned senator that this might possibly work a harmony of meaning. (Senator Wager, p. 499.) But the reasoning of judges, including the senator himself, I understand as placing the distinction on the nature of the property to which the words are applied. (See 6 Paige, 619, S. C, and S. P.)
I am of opinion there should be judgment that the plaintiffs recover as to half of one fifth of the eighty acre *597 parcel, as described in the special verdict; and as to the residue of the premises in question, judgment for the defendant.
Ordered accordingly.